| iTHIBODEAUX, Justice,
dissenting.
The majority miseharacterizes the issue in this case and misinterprets the basis of the trial court’s decision.
The majority’s opinion is hinged on “the expressed terms of their [plaintiffs] employment contracts which offered a flat salary exceeding minimum wages for their bus driving obligations.” Their responsibilities, the majority finds, were covered by their bus driving contract. I do not believe the contracts entered into between the plaintiffs and the St. Landry Parish School Board contemplated the ^services provided by the bus drivers. The Bus Driver Contract which I am attaching as an appendix to this dissent is very general. The most relevant portions of the contract are in Sections (a) and (c) which respectfully state, in pertinent part, that “[a]ppearers agree that the salary herein shall be subject to any authorized deductions, pursuant to administrative policies of the St. Landry Parish School Board” and “[a]ppearer declares that he/she will faithfully and efficiently perform the duties incumbent upon him/her and will observe and abide by the laws of the state, the rules and regulations of the State Department of Education, the School Board, the Superintendent of Schools and the Principal of the School, provided such rules and regulations are within the province of these authorities.” I challenge the majority to specify “the expressed terms” of the plaintiffs’ employment contracts which call for the duties performed.
Admittedly, the plaintiffs did agree to drive the school buses in return for a fixed salary. However, the services they were *737 required to perform in transporting students to vocational schools in Washington and privately owned nursing homes and hospitals in Opelousas constituted, as plaintiffs have suggested, extracurricular routes. The fact that they were called “platoon routes” or “vocational routes” does not change the substance of what they were actually required to do, yet were not paid for.
According to the Department of Education’s School Transportation Handbook, a platoon route is “usually above and beyond the normal curricular requirements and are not provided for in the state’s minimum foundation formula.” Unless these co-eurricular, or extracurricular routes or trips are included in a contract, additional compensation should be paid for these services.
|gThe plaintiffs are not arguing, and the trial court did not find, any incongruity in the plaintiffs receiving the same salary as other bus drivers who drive fewer routes or for shorter periods of time. Nor are they arguing that additional compensation is due because of the time they devote to their jobs in comparison to other similarly classified employees. As I read the record, they are certainly spending more time but the addi-' tional time spent is a consequence of additional duties. That is the gist of their argument, not the fact that they are being paid less than other drivers who are driving fewer routes or for shorter periods of time.
The additional routes being driven by these two plaintiffs are not part of the normal curricular requirements and should be properly compensated in the manner determined by the trial court whose judgment should be affirmed.
The plaintiffs predicate their entitlement to additional compensation on Article 4 of the Louisiana Civil Code which exhorts a court to proceed according to equity in the absence of legislative authority or a rule of law. I agree with this view. Additionally, plaintiffs’ position finds support in La.Code Civ.P. art. 2054 which states:
When the parties made no provision for a particular situation, it' must be assumed that they intended to bind themselves not only to the expressed provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purposes.
The plaintiffs agreed to drive their regular routes for an agreed-upon salary. Those routes did not include the additional responsibilities of the duties required in transporting students to vocational and nursing schools.
For the reasons herein expressed, I respectfully dissent.
*738 [[Image here]]
*739 [[Image here]]